UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

WOODROW DILLEY ET AL      CASE NO. 6:24-CV-00875

VERSUS                    JUDGE S. MAURICE HICKS, JR.

SEARS                     MAGISTRATE JUDGE CAROL B. WHITEHURST

REPORT AND RECOMMENDATION

Plaintiffs filed this suit *pro se* against Sears alleging that they purchased a refrigerator from Sears and that it went out after three years. They allege the existence of a five-year warranty. (Rec. Doc. 1). Although Plaintiffs checked the box for "federal question" jurisdiction in their form complaint (Rec. Doc. 1, p. 3), they completed the diversity jurisdiction section of the form, asserting that the amount in controversy is $4,000 plus damages for being without a refrigerator for two weeks and having to purchase a new refrigerator. (Rec. Doc. 1, p. 4). Plaintiffs also moved for in forma pauperis status.

"[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Despite Plaintiffs' having checked the box for federal question jurisdiction, Plaintiffs did not identify any potentially applicable federal statute

which could conceivably apply to this case, and the Court is unaware of any federal statute that might apply to their claims as pled. Thus, diversity jurisdiction is the only potential source of subject matter jurisdiction. Even assuming the parties are diverse, Plaintiffs' claims do not meet the jurisdictional threshold of $75,000 under 28 U.S.C. §1332. The Court appreciates no scenario in which such claims, as alleged, could conceivably reach $75,000. Accordingly, the Court finds that subject matter jurisdiction is lacking and that the suit should be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

    THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of July, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE